IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OMAR ARIETA and ARACELY
ARIETA, individually, and as Next Friends
of A.A., O.A., J.A., Minor Children,

      Plaintiffs,

v.                                          No. 1:24-cv-917-MLG-KRS

INFOIMPEX, INC.; BAKHITYOR
TURUSNOV; HT TRUCKING, INC.; and
AMAZON LOGISTICS, INC.,

      Defendants.

## ORDER

Currently before the Court is the parties' Joint Motion to Appoint Guardian Ad Litem (Doc. 96), filed January 5, 2026. On January 7, 2026, the Court ordered the parties to amend or supplement their Joint Motion to: (1) inform the Court of the proposed GAL's qualifications to serve as GAL, and (2) identify "Progressive" (paragraph 8 of Joint Motion) with more specificity and disclose the basis for the Court to order Progressive to take any action. (Doc. 97). On January 9, 2026, the parties filed the Supplemental Motion To Appoint Guardian ad Litem (Doc. 98). The Court, being fully advised, now grants the Motion as supplemented.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.     The appointment of a Guardian *ad Litem* ("GAL") is necessary to assist the Court in its review of the proposed settlement of this case involving claims of three minor children, A.A. O.A., and J.A.

2.     Appointing a GAL will ensure that any resolution of this matter adequately considers the interests of the three minor children.

3. The parties have agreed that Raynard Struck, of Medrano Struck, should serve as a GAL in this case. The parties represent that Mr. Struck was admitted to the New Mexico State Bar in 1999, and has served as Guardian ad Litem on more than 500 cases. In addition, Mr. Struck is bilingual, and the guardians of the minor children are primarily Spanish speakers.

4. The parties and their counsel are not aware of any conflict that would prevent Mr. Struck from serving as GAL for the minor children involved in this action.

5. Mr. Struck has agreed to serve as GAL with the approval of the Court.

6. The Court finds that Mr. Struck is qualified to serve as GAL.

7. Mr. Struck is to be appointed as an extension of the Court to assist in ensuring that the rights of the three minor children are fully protected.

8. As GAL for the three minor children, Mr. Struck will:

   a. Have independent status from all other parties and should be able to review any documents, including, but not limited to, pleadings, depositions, medical and psychological records, and other pertinent materials directly or indirectly related to the interests of the three minor children with respect to the recommendation concerning the settlement of their claims.

   b. Conduct an independent investigation and evaluation of the physical status and needs of the three minor children. This investigation will be conducted by Mr. Struck in his capacity as an arm of the Court and without the interference of any party to this case.

   c. Evaluate the settlement proposal on behalf of the three minor children as an arm of the Court, and report to the Court as to the fairness and reasonableness of the proposed settlement, including the manner in which settlement proceeds are proposed to be distributed and apportioned.

   d. Be paid a reasonable fee by Defendants' insurer, Progressive Insurance.

8. Pursuant to his role as GAL for purposes of the Court's evaluation of the settlement of the claims at issue, all immunities and privileges available to a GAL, as set forth in *Collins ex rel.Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391, 806 P.2d 40, will be extended to Mr. Struck in this matter.

IT IS SO ORDERED this 12th day of January, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE