**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

OMAR ARIETA and ARACELY
ARIETA, individually, and as Next Friends
of A.A., O.A., J.A., Minor Children,

      Plaintiffs,

v.                                   No. 1:24-cv-917-MLG-KRS

INFOIMPEX, INC.; BAKHITYOR
TURUSNOV; HT TRUCKING, INC.; and
AMAZON LOGISTICS, INC.,

      Defendants.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER is before the Court on the parties' Joint Motion to Approve Minor Settlements ("Motion") (Doc. 106).

On November 25, 2025, the parties filed a Joint Notice of Settlement. (Doc. 92). On December 22, 2025, the presiding judge referred the parties' Joint Notice of Settlement to the undersigned for any necessary settlement-related hearings, including a Minor Approval Hearing. (Doc. 95). On January 5, 2026, the parties filed a joint motion to appoint Raynard Struck as Guardian Ad Litem ("GAL") (Doc. 96), and they filed a supplemental motion to appoint Mr. Struck as GAL on January 9, 2026 (Doc. 98). The Court granted the motion and supplemental motion on January 12, 2026 (Doc. 99), and Mr. Struck filed his GAL Report on June 2, 2026. (Doc. 103). The parties filed the present Motion (Doc. 106) on July 2, 2026. The Court held a telephonic hearing on the Motion on July 9, 2026, at which Mr. and Mrs. Arieta, parents of the minor children, their counsel and a Spanish Language Interpreter, counsel for Defendants, and Mr. Struck, the GAL, appeared. (Doc. 109) (Clerk's Minutes). Based on Mr. Struck's GAL Report

and the testimony delivered at the hearing, the Court finds that the settlement is fair and in the best interest of the minor Plaintiffs, and recommends approval of the settlement.

Discussion

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 838 P.2d 971. In reviewing whether a proposed settlement is fair, reasonable, and adequate, the Court considers "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). The Court also considers whether the settlement is in the best interests of the minor. *Id.*

Plaintiffs' truck was stopped on the median of the interstate when Defendant Bakhtiyor Tursunov lost control of the tractor-trailer he was driving, causing it to veer off the roadway and strike Plaintiffs' truck, injuring Plaintiffs and their three minor children, who were ejected from the vehicle. During the July 9, 2026 fairness hearing, the Guardian ad Litem testified that he believes the settlement agreement was fairly and honestly negotiated, and that he has no concerns with it. Furthermore, for the reasons described more fully in his Report, the Guardian ad Litem opined that the settlement is fair and reasonable and in the minor Plaintiffs' best interests, and recommended that the Court approve the settlement. The Court confirmed at the hearing that Omar

2

Arieta and Aracely Arieta, the minors' parents, are aware that the settlement of this matter would forever bar any claims or suits by Plaintiffs, including the minor children.

Having considered the terms of the proposed settlement, the evidence presented at the hearing, and the GAL report, the Court finds that the settlement is fair, reasonable, and in the minor Plaintiffs' best interests. Consistent with the factors set out in *Jones*, the Court finds that: (1) the proposed settlement was fairly and honestly negotiated; (2) serious questions of law and fact exist placing the ultimate outcome of the litigation in doubt; (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the settling parties agree that the settlement is fair and reasonable.

Accordingly, the Court recommends as follows:

1.      The settlement, as outlined in the GAL Report (Doc. 103), be approved as being fair, reasonable, and in the best interest of the minor Plaintiffs.

2.      The Joint Motion to Approve Minor Settlement (Doc. 106) be granted.

3.      The funds be distributed as outlined in the GAL Report (Doc. 103).

4.      The GAL be discharged of his duties.

5.      Closing documents be filed within thirty (30) days after the filing of an Order adopting these Proposed Findings and Recommended Disposition.

This 13th day of July 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**